**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-1885

DANIEL TUCK,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its undersigned counsel Messner Reeves LLP, files this Notice of Removal of the above-captioned action from the Denver County, Colorado District Court to the U.S. District Court for the District of Colorado.

Federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because of a complete diversity of citizenship between plaintiff Daniel Tuck and defendant State Farm and because the amount in controversy exceeds $75,000, exclusive of interest and costs. State Farm states the following grounds for removal:

**I. INTRODUCTION**

1. On June 25, 2018, plaintiff filed this present lawsuit against State Farm in the District Court for Denver County, Colorado, Case Number 2018CV32337. A copy of plaintiffs' Complaint and Jury Demand (the "Complaint") is attached hereto as **Exhibit A**. A

{02983774 / 1}

copy of the Civil Case Cover Sheet that plaintiff filed with the Complaint is attached hereto as **Exhibit B**.

2. State Farm was served with the Complaint on June 26, 2018. A copy of the Return of Service is attached hereto as **Exhibit C**.

3. State Farm's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed on or before July 25, 2018, or within thirty days of State Farm's notice of the Complaint by personal service on June 26, 2018.

4. State Farm has not yet filed its answer or other response to the Complaint, but will do so in this court in the time period required by Fed. R. Civ. P. 81(c)(2).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being contemporaneously filed with the clerk of the District Court for Denver County, Colorado and a copy has been served on plaintiff as indicated in the below certificate of service. A copy of the notice to the Denver County District Court is attached hereto as **Exhibit D**.

6. Pursuant to 28 U.S.C. § 1441, the U.S. District Court for the District of Colorado is the appropriate court for removal of this action because it embraces the Denver District Court, where this action is pending.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. On information and belief, plaintiff Daniel Tuck resides in the State of Colorado. Although the Complaint lacks any allegations in this respect, plaintiff filed a lawsuit against non-party Leodan Villares related to the motor vehicle accident at issue in this lawsuit in which plaintiff alleged that he is a Colorado resident. *See* Compl. & Jury Demand ¶ 3, *Tuck v. Villares*, Denver Dist. Ct. Case No. 2017CV30868, March 7, 2017 (attached hereto as **Exhibit E**).

8. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(l). State Farm is and was at the commencement of this action an Illinois corporation with its principal place of business in Illinois. *See* Restated Art. Of Incorp. of State Farm Mut. Auto. Ins. Co. filed with the Colo. Sec. of State on June 9, 1988 (indicating that State Farm is an Illinois corporation with its principle place of business in Bloomington, Illinois) (attached hereto as **Exhibit F**).

9. Therefore, plaintiff and State Farm are citizens of different states. As such, complete diversity of citizenship exists between the parties.

### Ill. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. A federal court has diversity jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1224 (10th Cir. 2001). Generally, the amount in controversy may be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). Additionally, the Colorado state court civil cover sheet is sufficient to establish that the amount in controversy exceeds the jurisdictional amount when plaintiff or his attorney represents the amount at issue exceeds $100,000. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11. In the present matter, plaintiff alleges that on or about October 9, 2015, he

was involved in a motor vehicle accident giving rise to claims for benefits under an automobile liability insurance policy State Farm issued to Carol Lynne Bickers. *See* Exh. A ¶¶ 5-6. That policy provides uninsured or underinsured motorist ("UM/UIM") benefits of up to $100,000 per person. *See* Policy Declarations, State Farm Policy No. 003 1244-F28-06F (attached hereto as **Exhibit G**).

12. Moreover, in a February 7, 2018 demand, plaintiff requested that State Farm pay the UM/UIM limits of Ms. Bickers's policy, or $100,000. *See* Flesch Letter at 4, Feb. 7, 2018 (attached hereto as **Exhibit H**).

13. Finally, plaintiff's counsel indicated on the civil cover sheet filed with the Complaint that plaintiff seeks to recover an amount in excess of $100,000, exclusive of interest and costs, which is sufficient by itself to establish the amount in controversy for purposes of diversity jurisdiction. *See* Exh. B at 2; *Paros Props.*, 835 F.3d at 1272-73.

14. Thus the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15. Therefore, this court has jurisdiction under 28 U.S.C. § 1332(a).

16. Pursuant to D.C.COLO.LCivR 81.1, a copy of the register of actions in the Denver District Court is attached hereto as **Exhibit H**.

17. Additionally, copies of all process and pleadings are attached and filed with this notice, including:

- Complaint, attached as Exhibit A;
- District Court Civil Case Cover Sheet, attached as Exhibit B;
- Return of Service, attached as Exhibit C; and

- o Defendant's Notice of Removal filed in Denver County District Court, attached as Exhibit D.

## IV. CONCLUSION

Based on the foregoing, State Farm Mutual Automobile Insurance Company has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

State Farm states that no waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, defendant State Farm Mutual Automobile Insurance Company respectfully requests that the U.S. District Court for the District of Colorado assume jurisdiction of this case and issue such further orders and processes as may be necessary.

Dated this 25th day of July, 2018.

           MESSNER REEVES LLP

           */s/ Nathaniel Scott Barker*
           Heather A. Salg
           Nathaniel Scott Barker
           MESSNER REEVES LLP
           7935 East Prentice Avenue, Suite 312
           Greenwood Village, Colorado 80111
           Phone: 303.623.1800
           Fax:   303.623.0552
           Email: hsalg@messner.com
                   nbarker@messner.com
           *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, the foregoing **NOTICE OF REMOVAL** was filed via the ECF filing system and served via U.S. Mail and email on the following:

LAW OFFICE OF KEVIN C. FLESCH, LLC
Kevin C. Flesch
333 W. Hampden Avenue, Suite 710
Englewood, Colorado 80110-2335
kevinflesch@fleschlawfirm.com
*Attorney for Plaintiff*

 

            */s/ Mary C. Bielak*
            Mary C. Bielak